UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROL MARIE WEED,

   Plaintiff,

 v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

   Defendant.

CASE NO. 3:17-CV-05712-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Carol Marie Weed filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes Plaintiff has failed to show the Administrative Law Judge ("ALJ") erred when he found Plaintiff did not have a severe mental impairment and was not disabled under Listing 1.04. Further, the ALJ gave a clear and convincing reason for discounting Plaintiff's subjective symptom testimony. Accordingly, the decision of the

Acting Commissioner of Social Security ("Commissioner") is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On February 11, 2013, Plaintiff filed an application for DIB, alleging disability as of January 25, 2008. *See* Dkt. 7, Administrative Record ("AR") 14. The application was denied upon initial administrative review and on reconsideration. *See* AR 14. A hearing was held before ALJ Gene Duncan and a decision denying benefits was issued on April 24, 2014. *See* AR 75-82, 87-133. Plaintiff appealed to the Appeals Council and, on September 18, 2015, the Appeals Council remanded the case to the ALJ. AR 69-70. In the remand order, the Appeals Council directed the ALJ to further evaluate whether Plaintiff could perform her past relevant work. *See id*. The Appeals Council also directed the ALJ to expand the record, if warranted, and offer Plaintiff an opportunity for a hearing. *See id*.

Following the Appeals Council remand, the ALJ held a hearing on March 17, 2016. AR 29-66. In a decision dated April 11, 2016, the ALJ again found Plaintiff not disabled. AR 14-23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's April 11, 2016 decision the final decision of the Commissioner. *See* AR 1-5, 20 C.F.R. § 404.981, § 416.1481.[1]

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) Plaintiff's mental impairments; (2) whether Plaintiff met Listing 1.04; and (3) Plaintiff's subjective symptom testimony. Dkt. 11, p. 2.

---

[1] The Court notes that the April 11, 2016 decision is the final decision of the Commissioner. However, as the Appeals Council did not disturb the majority of the ALJ's findings in the April 24, 2014 decision, the ALJ adopted much of the 2014 decision. Therefore, in determining if the ALJ erred, the Court has referred to the 2014 decision when that analysis was adopted by the ALJ in the 2016 decision.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ erred at Step Two by failing to find Plaintiff suffers from a severe mental impairment.**

In the Opening Brief, Plaintiff argues the ALJ erred when he failed to find Plaintiff suffers from mental impairments. Dkt. 11, pp. 6-7. While unclear, it appears Plaintiff is asserting the ALJ erred at Step Two of the sequential evaluation process when he found Plaintiff did not suffer from any severe mental impairment. *See id.*[2]

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Regarding mental impairments, the ALJ will consider four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).[3] If the ALJ rates the degree of a claimant's limitation "in the first three functional

---

[2] Based on Plaintiff's briefing, Defendant argued the ALJ properly followed the Appeals Council's remand order. *See* Dkt. 12. The Court has reviewed Plaintiff's Opening Brief and does not find Plaintiff is asserting the ALJ erred by failing to follow the remand order. *See* Dkt. 11, pp. 6-7. Rather, it appears Plaintiff is asserting the ALJ adopted the 2014 decision in his 2016 decision and neither decision considered Plaintiff's mental impairments.

[3] On March 27, 2017, the four areas of functioning changed to: Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The Court, however, applies the regulations which were in effect on the date of the ALJ decision.

areas as 'none' or 'mild' and 'none' in the fourth area, [the ALJ] will generally conclude that [the claimant's] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id*. at (d)(1). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen*, 80 F.3d at 1290 (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

Here, the ALJ found Plaintiff suffered from the following severe impairments: sciatica, chronic pain syndrome, opioid dependence, and use of marijuana. AR 17. The ALJ did not find Plaintiff had any severe mental impairments. *See* AR 17-18, 77-78.

Plaintiff argues she suffers from depression. Dkt. 11, p. 7. For her depression to constitute a medically severe impairment, Plaintiff must establish a diagnosis of depression through objective medical evidence (i.e., signs and laboratory findings). *See* SSR 96-3p; *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) (finding the plaintiff failed to establish an impairment at Step Two when "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). Plaintiff provides no record citations showing she has been diagnosed with depression. *See* Dkt. 11, pp. 6-7. Plaintiff cites only to her testimony, wherein she testified that she thought she had depression. Dkt. 11, p. 7; AR 42. As Plaintiff failed to cite to any medical evidence showing she has been diagnosed with depression and that it limits her ability to perform basic work activities, the Court finds Plaintiff has not shown the ALJ erred at Step Two. *See Shinseki v.*

---

*See Rose v. Berryhill*, 256 F.Supp.3d 1079, 1083 n. 3 (C.D. Cal. June 13, 2017) ("the reviewing court generally applies the law in effect at the time of the ALJ's decision").

*Sanders*, 556 U.S. 396, 410 (2009) (finding the plaintiff has the burden of demonstrating there are harmful errors in the ALJ's decision).

**II.    Whether the ALJ erred in failing to properly consider Plaintiff's sciatica at Step Three.**

Plaintiff argues the ALJ erred by failing to consider whether Plaintiff's sciatica met Listing 1.04. Dkt. 11, pp. 7-8. At Step Three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established in order for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish she meets or equals any of the impairments in the Listings. *See Tacket*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* Social Security Ruling ("SSR") 96–8p, 1996 WL 374184 *2 (a step three determination must be made on basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83–19, 1983 WL 31248 *2. The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant

presents evidence in an effort to establish equivalence." *Burch v. Barnhart,* 400 F.3d 676, 683 (9th Cir. 2005).

In considering Step Three, the ALJ found Plaintiff's "impairments, when considered either singly or in combination, do not meet or medically equal any of the listed impairments found in 20 CFR Part 404, Subpart P, Appendix 1." AR 78; *see* AR 18 (referring to findings in the 2014 ALJ decision). The ALJ also provided specific discussion finding the evidence failed to show Plaintiff met the requirements of Listing 1.00, impairments related to the musculoskeletal system. AR 78; *see* AR 18.

Plaintiff argues sciatica is typically analyzed under Listing 1.04A or 1.04C.[4] Dkt. 11, pp. 7-8. Plaintiff asserts neither Listing 1.04A nor 1.04C requires an inability to perform fine and gross movements effectively or an inability to ambulate effectively. *Id.* Because the ALJ only discussed whether Plaintiff had an inability to perform fine and gross movements effectively or an inability to ambulate effectively when determining if Plaintiff met a Listing, Plaintiff contends the ALJ did not properly consider Listing 1.04 and, therefore, erred as a matter of law. *See id. Id.*

Here, the ALJ generally considered musculoskeletal impairments under Listing 1.00; but, did not specifically identify Listings 1.04A or 1.04C in his discussion. *See* AR 18, 78. However, "[i]t is unnecessary to require the [ALJ], as a matter of law, to state why a claimant failed to satisfy

---

[4] The Social Security Administration states a claimant's impairments meet Listing 1.04 when a claimant has a disorder of the spine, ("e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture") with:
  A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
  . . .
  C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.
20 C.F.R. pt. 404, Subpart P, app. 1, § 1.04.

every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Plaintiff has not provided any evidence or explanation showing she meets Listings 1.04A or 1.04C. *See* Dkt. 11. Thus, Plaintiff has not shown the ALJ erred simply because he failed to specifically discuss Listing 1.04.

Furthermore, while Plaintiff contends neither Listing 1.04A nor Listing 1.04C requires the loss of the ability to perform fine and gross movements or ambulate effectively, Listing 1.04C does require an inability to ambulate effectively. *See* 20 C.F.R. pt. 404, Subpart P, app. 1, § 1.04C. In his decision, the ALJ found the evidence failed to show Plaintiff was unable to ambulate effectively. *See* AR 78. While the ALJ did not specifically discuss Listing 1.04C, he found Plaintiff did not meet one of the requirements found in Listing 1.04C. *See* AR 78. Plaintiff does not challenge the ALJ's finding that the evidence fails to show Plaintiff unable to ambulate effectively. *See* Dkt. 11, pp. 7-8. Therefore, the Court is not persuaded by Plaintiff's argument that the ALJ erred as a matter of law because the inability to ambulate effectively is not found in Listings 1.04A or 1.04C.

In summation, Plaintiff has not offered a plausible theory, with record citations, explaining how Plaintiff meets Listing 1.04A or Listing 1.04C. Thus, Plaintiff has failed to demonstrate the ALJ erred, "as a matter of law," simply because he did not specifically identify Listings 1.04A and 1.04C when determining Plaintiff did not meet a listed impairment at Step Three. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (affirming the district court's finding that the claimant "bears the burden of proving that ... she has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations"); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (finding the ALJ did not err at Step Three when the plaintiff offered no theory, plausible or otherwise, as to how his impairments combined to equal a listed impairment or

pointed to evidence showing his combined impairments equal a listed impairment); *Scott v. Colvin*, 2013 WL 1562009, *5-6 (W.D. Wash. March 20, 2013) (finding the plaintiff failed to show the ALJ erred at Step Three when the plaintiff did not proffer any plausible theory as to how his combined impairments equaled a listed impairment). Therefore, the Court concludes Plaintiff has failed to show the ALJ erred at Step Three of the sequential evaluation process.

**III. Whether the ALJ provided sufficient reasons for discounting Plaintiff's pain complaints.**

Plaintiff contends the ALJ erred by failing to properly analyze Plaintiff's complaints that her pain was not "well-controlled." Dkt. 11, pp. 8-9. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Determinations regarding a claimant's subjective symptom testimony are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a determination regarding a claimant's subjective symptom testimony where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff testified she is unable to work due to chronic back and neck pain. AR 34, 36. She uses marijuana and methadone for pain. AR 34, 92-93. At the first ALJ hearing, Plaintiff testified her back pain is normally a five on a one to ten pain scale. AR 95. At the second hearing, Plaintiff testified that in 2008 her pain was an eight, nine, or ten on a ten point pain scale. AR 36. Plaintiff

stated she could only walk a quarter of a mile before she had to stop, could only sit or stand for five to ten minutes before changing positions, and could comfortably lift five to ten pounds. AR 37-38.

The ALJ discussed Plaintiff's subjective symptom testimony and found Plaintiff's impairments could be expected to cause some of her symptoms. AR 19. However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms during the relevant time period are not entirely consistent with the overall evidence of record." AR 19.

The ALJ specifically found Plaintiff's statements were inconsistent with statements she made to medical providers. *See* AR 19-21, 80. An ALJ may consider prior inconsistent statements concerning symptoms and "other testimony by [plaintiff] that appears less than candid in weighing plaintiff's credibility." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the medical records cited by the ALJ show that Plaintiff reported to her medical providers that her pain was well-controlled. *See* AR 19-21, 80. For example, on May 22, 2008, treatment notes state Plaintiff's chronic abdominal pain is well-controlled on methadone and Vicodin. AR 520. Plaintiff reported her pain was about a three on a scale of one to ten. AR 520. In July 2008, Plaintiff again reported her chronic back and abdominal pain were under fair control. AR 518. Further, on November 7, 2008 Plaintiff reported to her doctor that her chronic pain is usually one to three on a scale of one to ten. AR 514. She also denied any medication side effects. AR 514. The doctor noted Plaintiff's chronic pain was well-controlled on the current doses of methadone and Vicodin. AR 515. In March of 2009, Plaintiff again reported that her chronic pain is "under good control" with her medication and is usually a three or less on the pain scale. AR 506. Thus, the evidence cited by the ALJ shows Plaintiff's statements made to her medical providers were inconsistent with her subjective symptom testimony regarding her uncontrolled pain.

The Court notes Plaintiff does not challenge the ALJ's specific findings. *See* Dkt. 11, pp. 8-9. Rather, Plaintiff argues the ALJ incorrectly discounted Plaintiff's testimony that the medical providers inaccurately recorded her pain. *See id.* at p. 9; AR 53-54. Plaintiff asserts she is part of the national opioid epidemic. *Id.* at p. 9. As stated above, the Court may not reverse a determination as to a claimant's subjective symptom testimony where the determination is based on contradictory or ambiguous evidence. *Allen*, 749 F.2d at 579. Here, Plaintiff has not shown the ALJ erred. Instead, Plaintiff argues the ALJ gave weight to the treatment notes despite statements made by Plaintiff contradicting the validity of the treatment notes. Plaintiff has not shown her single statement alleging the treatment notes are inaccurate is sufficient for the Court to conclude the ALJ erred in discounting Plaintiff's subjective symptom testimony.

In conclusion, there is evidence in the record which supports the ALJ's finding that Plaintiff's testimony was inconsistent with her statements to medical providers. Therefore, the ALJ has provided a clear and convincing reason, supported by substantial evidence for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ did not error in assessing Plaintiff's complaints of pain.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 22nd day of February, 2018.

David W. Christel
United States Magistrate Judge